## [No. 1761.]

### Henry McGrew v. The State.

1. Resisting Legal Process.— Information, to be sufficient to charge the offense denounced by article 222 of the Penal Code, must allege that the legal warrant, the execution of which was resisted, was a warrant *of arrest;* and it must further show that such legal warrant of arrest was addressed to an officer in a criminal case. Such essential allegations cannot be inferred.

2. Same — Evidence.— See the opinion for a state of proof *held* insufficient to support a conviction for resisting an officer in the execution of a legal warrant of arrest, even had the information been sufficient.

Appeal from the County Court of Austin. Tried below before the Hon. S. R. Blake, County Judge.

The conviction in this case was for resisting an officer in the execution of a legal warrant of arrest. The punishment assessed against the appellant was a fine of $75. The opinion discloses all material facts.

*Hume & Shepard,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Willson, Judge. Article 222 of the Penal Code, under which the conviction in this case was had, provides: " If any party against whom a legal warrant of arrest is directed in any criminal case resist its execution when attempted by any person legally authorized to execute the same, he shall be fined," etc. It is not alleged in the information that the legal warrant, the resistance of the execution of which is charged, was a warrant *of arrest.* It might have been a legal warrant as alleged in the information, and yet not have been a legal warrant *of arrest,* and if it was not a legal warrant *of arrest* there was no offense against the law under this article. Nor does the information allege that said warrant was directed to said officer in any criminal case. It might be inferred from the information that it was a warrant of arrest against the defendant in a criminal case in which he was charged with an affray; but we are not at liberty to resort to inferences to supply essential allegations in an indictment or information. We are of the opinion that the information is fatally defective, for the reasons above stated.

We are further of the opinion that the evidence does not show such conduct on the part of defendant as constituted resistance to the officer. His name was misspelled in the warrant, and he ob-

jected to being arrested under said warrant because of that irregularity, but, upon being informed that he could not for this reason question the authority of the officer to make the arrest, he at once surrendered himself and went with the officer, obtained sureties and executed a bail bond.

Because of the defects in the information the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered March 11, 1885.]